UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    THEODORE DUDLEY, JR.,

        Debtor.

_____/

Case No. 13-47386
Chapter 13
Hon. Walter Shapero

## OPINION GRANTING MOTION FOR RECONSIDERATION, AND VACATING ORDER FOR TURNOVER OF ESCROWED FUNDS HELD BY 52-3 DISTRICT COURT

Prior to this bankruptcy filing, Debtor was engaged in extensive litigation involving foreclosure of a mortgage covering his property culminating in a state court issuing a writ of restitution requiring surrender by Debtor of the property to Citibank, NA as Trustee ("Movant"). During the course of that litigation, the Debtor was required to make payments in escrow to the state court which, as of the bankruptcy filing date, amounted to in excess of some $36,000.00. On April 11, 2013, Debtor commenced this Chapter 13 proceeding and on that same day, the state court entered the referred to Order Granting a Writ of Restitution which also provided for return of the escrowed funds to Movant. Thereafter, Debtor moved in this Court for Surrender(to Debtor) of Escrowed Funds Held By the State Court ("Release Motion"). The proof of service of that motion states that service was effected only on "all ECF participants through the ECF system and on Creditor Citibank, N.A. by first class mail addressed to Orlans Associates, P.C., P.O. Box 5041, Troy Michigan 48007." The relief sought by the Release Motion was in the form of an order directing the 52-3 District Court to release all of the escrowed funds to the Debtor. There was no response filed to the motion, and based on a certificate of no response, this Court entered the requested order ("Release Order") (Docket No. 30). Movant is not listed as a creditor on Debtor's

1

Schedules, nor did it file a proof of claim. It appears that Orlans Associates, P.C. represented Movant in the state court proceedings, or at least in the portions thereof relating to the Writ of Restitution. Following entry of the Release Order, Debtor moved in this Court to hold the state court clerk in contempt for failure to comply with the Release Order. Contemporaneously, Movant filed the pending motion for reconsideration of the Release Order on various grounds.

Pursuant to L.BR. 9024-1, reconsideration is granted and the Release Order is vacated for one or more of the following reasons:

**1.** The relief sought by the Release Motion was an order directed to and requiring the state court to release funds it was holding in escrow. The state court was not then served with that motion. Given the nature of the Motion and the relief sought, the state court was the principal adverse party and was required to be served.;

**2.** The relief sought by the Release Motion was in the nature of a proceeding to recover money or property from a third party (i.e., the state court), and as such it was procedurally governed by Fed.R.Bankr.P. 7001(1) requiring such to be sought by way of an adversary proceeding, and not by a contested matter motion.

**3.** To the extent Citibank, NA, as Trustee, was a necessary party, and Debtor apparently thought so because Debtor served the Release Motion as noted, (and even if the matter was properly pursued a contested matter), (a) Citibank, NA as an entity or as Trustee was not itself properly served with the motion, as is mandated by Fed.R.Bankr.P. 9014 (b) requiring the motion to have been served in the same manner as a summons; and (b) Citibank, NA, as such or as Trustee had not appeared in the bankruptcy case by counsel, and even if service on counsel was available (which is possible if its consent to such was filed - which it was not) Orlans Associates, P.C. had not entered an appearance

2

in this bankruptcy case on behalf of Movant; the fact that firm might have represented Movant in another proceeding(even a related one) in another Court, , does not afford a basis for effective service on Movant of the Release Motion in this Court , by way of service on that law firm.

By reason of the foregoing, the Court concludes that it improvidently entered the Release Order and there were the indicated palpable procedural defects involved not fully appreciated by the Court at the time the Release Order was entered, and accordingly, it should be set aside.

The Court is concurrently entering an appropriate order.

**Signed on September 12, 2013**

             **/s/ Walter Shapero**
            **Walter Shapero**
            **United States Bankruptcy Judge**